UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL RIVAS,

Plaintiff,

v.

MGM RESORTS INTERNATIONAL OPERATIONS, INC., et al,

Defendants.

Case No. 2:26-cv-2503-ART-MDC

ORDER ON MOTION TO REMAND (ECF No. 12)

Plaintiff Paul Rivas brings this employment-related suit against his former employer, Defendant MGM Resorts International Operations, Inc. and MGM Operations, Inc. ("MGM") and MGM employees Michael Cummings and Robert Cook. (ECF No. 1-6.) Plaintiff's claims against MGM include a claim under the Family Medical Leave Act, 29 U.S.C. § 2601 ("FMLA").

Before the Court is Plaintiff's Motion to Remand this case to state court. (ECF No. 12.)

**I. Background**

Plaintiff filed this suit in the Eighth Judicial District Court of Clark County, Nevada on July 1, 2025. (ECF No. 1-1.) He amended his complaint on December 30, 2025 (ECF No. 1-5) and July 29, 2026 (ECF No. 1-6). In his Second Amended Complaint, Plaintiff added a claim under the FMLA. (*Id.*) The Defendants removed this case to federal court on August 12, 2026, on the basis of federal question jurisdiction arising out of Plaintiff's claim under the FMLA. (ECF No. 11 at 2.)

**II. Legal Standard**

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal

is proper. *Carrington Mortgage Services, LLC v. Ticor Title of Nevada, Inc.*, 220CV699JCMNJK, 2020 WL 3892786, at *2 (D. Nev. July 10, 2020) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992)).

A defendant may only remove a case brought in state court if the federal district court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III. Analysis

Plaintiff argues that remand is proper in this case because the claims under the FMLA can be brought in state or federal court. Defendants argue that remand is not appropriate in this case because the Court has jurisdiction to hear cases that arise under federal statutes, such as the FMLA, regardless of whether there is concurrent state court jurisdiction.

Because Plaintiff brings a claim a federal statute, namely the FMLA, this Court has jurisdiction under 28 U.S.C. § 1331. The fact that Plaintiff can bring a FMLA claim in state or federal court does not prevent removal, nor is it grounds for remand. *See Gamez v. Republic Waste Servs. of S. Cal. LLC*, 2015 WL 13916180, at *1-2 (C.D. Cal. May 5, 2015) (finding that concurrent jurisdiction under FMLA does not preclude removal to federal court); *cf. Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 691 (2003) (finding that FLSA's concurrent jurisdiction did not justify remand where there was not an express provision prohibiting removal in the statute).

The presence of Plaintiff's state law claims does not compel remand as this Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a), which provides that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or

controversy under Article III of the United States Constitution.” 28 U.S.C. § 1367(a).

In his Reply, Plaintiff suggests that if the Court denies his motion to remand, he may opt to dismiss his only federal claim to return to state court. (ECF No. 23 at 2-3.) Whether removal to federal court is proper is determined “on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.” *Sparta Surgical Corp. v. Nat’l Ass’n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). A plaintiff cannot “compel remand by tactically amending a complaint to eliminate a federal question,” *Burch v. ABN Amro Mortg. Grp., Inc.*, 5:11-cv-03485, 2011 WL 5180216, at *2 (citing *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006)) and “it is generally within the court’s discretion either to retain jurisdiction or adjudicate the pendent state claims or remand them to state court.” *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). Thus, this argument is also not dispositive to whether the Court may retain jurisdiction over his case.

The Court will deny Plaintiff’s Motion to Remand.

**IV. Conclusion**

It is therefore ordered that Plaintiff’s Motion to Remand (ECF No. 12) is DENIED.

Dated this 13th day of November, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE